2L 701
4pi 742

## CARSON *v.* BROWDER.

1. GROWING CROPS. *Sale. Statute of frauds. Registration.* Growing crops, if *fructus industriales,* are chattels, and an agreement for their immediate sale, whether mature or immature, is not an agreement for the sale of land under our statute of frauds, and the agreement, if reduced to writing, need not be registered, either for the purpose of making the sale valid as to the creditors of the vendor, or making the writing evidence.

2. PLEADING. *Replevin. Plea in abatement.* It is not a good plea in abatement to a writ of replevin that the defendant held the property as deputy sheriff by virtue of the levy of an execution, and that the writ was directed to and executed by the sheriff, nor, *a fortiori,* is it a good plea in bar of the action.

3. SAME. *Plea and replication.* To a plea in an action of replevin for wheat, that the defendant held the wheat, at the execution of the writ, under a levy thereon as the property of a person named, made by him as deputy sheriff, the plaintiff replied that the wheat was not the property of the person named at the time the defendant avers that he levied thereon, and the defendant moved to strike out the replication because "immaterial." *Held,* that the motion was properly overruled, although the plea further averred that while the defendant was so holding the wheat, the plaintiff caused his writ of replevin to be directed to and executed by the sheriff.

### FROM MONROE.

Appeal in error from the Circuit Court of Monroe county. E. T. HALL, J.

T. E. H. McCROSKEY for Carson.

GEORGE BROWN for Browder.

COOPER, J,. delivered the opinion of the court.

Action of replevin by Browder against Carson for a lot of wheat, in which the verdict and judgment were in favor of Browder, and Carson appealed in error.

Browder claimed the wheat by purchase from D. P. Walker on the 9th of June, 1876, while still in the field, being not quite ripe. Carson claimed under a subsequent levy of a justice's execution, made by him as deputy sheriff, after the wheat was cut, being levied on as the property of Walker. On the trial, Browder proved the purchase by him as claimed, while Carson failed to produce the judgment and execution under which he claimed to have made a levy. The sale of the wheat to Browder was evidenced by a written agreement between him and Walker. The evidence was objected to because the instrument was not registered, the counsel for Carson insisting that the sale of a growing crop was a sale of realty, and must be registered. But the registration of conveyances of realty is only required as against creditors of the grantor, and is not necessary to the validity of the conveyance between the parties, nor to the introduction of the instrument in evidence. Code, secs. 2072, 2075. *Self* v. *Haun*, at Knoxville, 1874, cited in *Sanders* v. *Everett*, 3 Tenn. Ch., 523, with other cases. And, moreover, growing crops, if *fructus industriales*, are chattels, and an agreement for the sale of them, whether mature or immature, whether the property in them is transferred before or after severance, is not an agreement for the sale of an interest in land under the English statute of frauds, or of land under

our statute. Benj. on Sales, sec. 126. There is clearly no error in this case on the merits.

The writ of replevin was directed to and executed by the sheriff. The defendant pleaded in abatement of the writ, that as the deputy of the sheriff he levied on the wheat, and while holding it under the levy, the writ of replevin was directed to and executed by the sheriff, whereby the writ and execution were void. The Circuit Judge held the plea bad on demurrer, and this is assigned as error. The authorities cited in support of the plea are *Riner* v. *Stacy,* 8 Hum., 288, and *Stewart* v. *Magness,* 2 Col., 310. But these authorities only hold that process in his own favor executed by the sheriff in a suit to which he is a party is void. In the first case, the owner of a judgment executed it under a special deputation from the sheriff. In the second, the deputy sheriff served a subpœna in a suit to which the sheriff was a party plaintiff, and it was held that the sheriff could not enforce a forfeiture against the witness. It has never been held that the sheriff might not, if he chose so to do, execute process on himself. Treating this suit as being against the defendant as deputy sheriff, the sheriff might surrender the property in obedience to the writ of replevin, and nevertheless appear and defend the action. Where the sheriff is a party to a suit, the statute provides that the "process may be directed to the coroner." Code, sec. 381. Undoubtedly, if the process be in favor of the sheriff as such party, he cannot validly execute it. But if against him, and he chooses to obey it, even by going through

the usual forms of execution, it cannot be said that public policy, or any inflexible rule of law requires the act to be treated as a nullity at his instance. An officer cannot be allowed to plead his own act in abatement of a writ against him. If, on the other hand, the suit is to be treated as against the defendant as an individual, and not officially, the sheriff was the proper officer to whom to direct the writ of replevin, and by whom it should have been executed. In either view, the plea was bad.

The plea of the defendant in bar of the action is, in substance, that he held the wheat under the levy by him as deputy sheriff, made on a given day, by virtue of a specified justice's execution, the wheat being levied on as the property of D. P. Walker. The replication is, that the wheat was not the property of D. P. Walker at the time the defendant avers he levied thereon. Looking at the plea in the light of the averments as above, the replication was unquestionably good. The plea adds, however, that while the defendant was holding the wheat under his levy, the plaintiff caused his writ of replevin to be directed to and placed in the hands of the sheriff, whose deputy defendant then was, and the sheriff, by virtue thereof, took the wheat out of the possession of the defendant. It is now insisted that the replication does not meet these latter averments, and the defendant's motion to strike it out should have been sustained. The motion was to strike out the replication "because it is immaterial." The argument now is that the replication fails to notice the material averment that the

defendant was, at the time, the deputy of the sheriff. By the Code, sec. 2929, matters not denied in a replication, or any subsequent pleading, shall be taken as admitted. The replication, therefore, admitted the official capacity of the defendant, and the argument made is without foundation. The object of the last averments of the plea seems to have been to try to set up in bar matter which had been relied upon, but held bad in abatement. In reality, however, that part of the plea tenders no issue, and is mere surplusage. If it had relied upon the facts stated as a bar to to the suit, it would have been clearly bad, both because the plea would have been double, and the matter merely in abatement. The substance of the plea is that the wheat was the property of Walker at the date of the levy, and vested in the defendant by virtue of the levy under a valid judgment and execution.

There is no error in the record, and the judgment must be affirmed.